Filed 3/10/21  P. v. Young CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>CHARLES DAVIS YOUNG,<br><br>　　Defendant and Appellant. | A159701<br><br>(Contra Costa County Super. Ct. No. 5130925-1) |

**MEMORANDUM OPINION**[1]

Defendant Charles Davis Young was convicted by jury of residential burglary (Pen. Code, §§ 459, 460, subd. (a)),[2] assault with a deadly weapon (a cane) (§ 245, subd. (a)(1)), and false imprisonment (§ 237, subd. (a)), as well as an enhancement for personal infliction of great bodily injury (§ 12022.7, subd. (a)).  The trial court found prior conviction allegations to be true and sentenced Young to a prison term of 45 years to life.  In an unpublished opinion otherwise affirming the convictions, we agreed with Young that the sentence on the assault conviction should have been stayed under section 654, and remanded for resentencing.  (*People v. Young* (Jan. 3, 2019, A144481) [nonpub. opn.].)

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory references are to the Penal Code.

In resentencing Young, the court imposed the upper term of six years for the first degree residential burglary conviction, and doubled it to twelve years based upon a prior strike (dated October 2, 2003 for § 192, subd. (a), manslaughter).  The court imposed another three years, consecutive, for the enhancement under section 12022.7, subdivision (a).  The sentences for the assault and false imprisonment convictions were stayed pursuant to section 654.  Two prior convictions (for a robbery and another first degree burglary) brought five years each, adding another ten years under section 667, subdivision (a)(1).  Young's counsel pointed out to the sentencing court it now had discretion to strike those prior convictions, but the court declined to do so, while acknowledging it could.  The new aggregate sentence totals 25 years, determinate.

Young now appeals the sentence imposed on him on remand.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, determined that there are no arguable issues to present on appeal, requested that this court carry out an independent review of the record pursuant to *Wende*, and advised Young of his right to file any supplemental submission he may wish to file.  Having conducted the independent review called for by *Wende*, we conclude there are no arguable issues that are worthy of addressing on appeal.  We therefore affirm the new sentence.

STREETER, J.

WE CONCUR:

POLLAK, P. J.
BROWN, J.

2